# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KARLA ANN RODRIGUEZ,
        Appellant,

        v.

CONSUMER PRODUCT SAFETY
   COMMISSION,
        Agency.

DOCKET NUMBER
AT-0752-14-0655-I-1

DATE: May 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Karla Ann Rodriguez</u>, Miami Springs, Florida, pro se.

<u>Monica L. Garcia</u>, Bethesda, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order concerning specification 2 of the charge, we AFFIRM the initial decision.

## BACKGROUND

¶2 Effective May 5, 2014, the agency removed the appellant from her position as a Compliance Investigator with the Office of Import Surveillance based on a charge of conduct unbecoming a federal employee. Initial Appeal File (IAF), Tab 6 at 25. The charge is based on the following specifications: (1) failure to report her arrest on October 21, 2012, for driving under the influence (DUI) and leaving the scene of an accident; (2) operating a government owned vehicle (GOV) and government equipment in an impaired state on September 13, 2013; and (3) answering her telephone while driving and ignoring her supervisor's request to pull over. *See id.* at 29-30, 56-60.

¶3 The appellant filed an appeal challenging her removal and asserting an affirmative defense of disability discrimination based on alcoholism. IAF, Tab 1, Tab 4 at 1. After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the removal action. IAF, Tab 47, Initial Decision (ID). The administrative judge found that the agency proved that the appellant failed to report her arrest for a DUI in violation of agency directive and

operated a GOV while impaired, but did not prove that she answered her telephone while driving and ignored her supervisor's request to pull over. ID at 3-10. Consequently, the administrative judge sustained the charge of conduct unbecoming, found a nexus between the charge and the efficiency of the service, and determined that removal was within the bounds of reasonableness. ID at 10-13. The administrative judge also found that the appellant failed to prove her affirmative defense of disability discrimination.[2] ID at 14-15.

¶4    The appellant has filed a petition for review in which she asserts that the administrative judge erred in finding that the agency established two of the three specifications in support of its charge and in determining that the penalty of removal was reasonable. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    When taking an adverse action against an employee, an agency must establish that: (1) the charged conduct occurred; (2) a nexus exists between the conduct and the efficiency of the service; and (3) the particular penalty imposed is reasonable. *Crawford-Graham v. Department of Veterans Affairs*, 99 M.S.P.R. 389, ¶ 16 (2005) (citing 5 U.S.C. §§ 7701(c)(1)(B), 7513(a)). To prove a charge of conduct unbecoming a federal employee, an agency is required to demonstrate that the appellant engaged in the underlying conduct alleged in support of the

---

[2] Specifically, the administrative judge found that the appellant did not allege that another individual, who did not seek treatment for alcohol dependency, was treated less harshly than her and the appellant failed to prove that she was subjected to a hostile work environment based on her alcoholism. ID at 15. The appellant does not challenge these findings on review. Nevertheless, we discern no basis to disturb the administrative judge's finding that the appellant failed to establish her claim of disability discrimination based on alcoholism. *See Burton v. U.S. Postal Service*, 112 M.S.P.R. 115, ¶ 16 (2009) (anti-discrimination statutes do not immunize disabled employees from discipline for misconduct, provided the agency would impose the same discipline on an employee without a disability).

broad label. *Scheffler v. Department of Army*, [117 M.S.P.R. 499](#), ¶ 4 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013).

¶6        As set forth below, we agree with the administrative judge that the agency proved the conduct underlying specifications 1 and 2. However, we modify the initial decision by finding that specification 2 is not sustained because, under the circumstances of this appeal, the appellant's behavior in driving a GOV in an impaired state did not constitute conduct unbecoming. We otherwise affirm the agency's removal action because proof of specification 1 alone is sufficient to sustain the charge and we find that it justifies the penalty of removal in this case. The administrative judge properly sustained the charge of conduct unbecoming.

¶7        In its first specification, the agency alleged that the appellant failed to report her October 21, 2012 arrest for a DUI in violation of agency Directive 0860.2, Section 6(c)(5), issued in January 2002, and revised on March 5, 2013. IAF, Tab 6 at 30, 82, 89. The administrative judge found that, while the appellant did not violate the 2002 directive, she did violate the revised March 5, 2013 directive, which requires employees who drive a GOV to report "any arrest or conviction for operation of any motor vehicle, government or privately owned, under the influence of alcohol or illegal drugs . . . " ID at 3-4. On review, the appellant reiterates her testimony below that she had no knowledge of the revised directive's reporting requirements because she never received a copy of the revised directive.[3] PFR File, Tab 1 at 4.

¶8        The administrative judge considered the appellant's testimony that she was unaware that she was required to report her DUI arrest because she did not receive a copy of the revised directive, but found that it conflicted with the appellant's response to her proposed removal in which she asserted that she did

---

[3] On review, the appellant also contends that she did not violate the 2002 directive because it did not require her to report a DUI unless it occurred in relation to official work activity. PFR File, Tab 1 at 4. However, we need not address this argument because the administrative judge found that the appellant did not violate the 2002 directive. ID at 3-4.

not report her arrest, not because she was unaware of the requirement to do so, but because her attorney advised her not to report it because the DUI charge would likely be reduced. ID at 4-5. On review, the appellant has not identified any evidence of record casting doubt on the administrative judge's analysis and, thus, we find that the administrative judge correctly found that the agency proved this specification.

¶9 Regarding the second specification, the administrative judge found that the agency proved that on September 13, 2013, the appellant operated a GOV in an impaired state and that such behavior constituted conduct unbecoming because the appellant's explanation that her behavior was unintentional and the result of her discontinuing Lexapro, a prescription anti-depressant, did not excuse her behavior. ID at 8-9. In finding that the appellant operated a GOV in an impaired state, the administrative judge credited the testimony of four Customs and Border Protection (CBP) officers who witnessed the appellant slurring her speech, sweating, shaking, and having trouble walking just prior to driving her GOV home over the appellant's testimony that she "did not feel that bad." ID at 5-8. The administrative judge further found that the appellant did not dispute the testimony of the four officers, and she herself testified that as the day went on she began to feel cloudy, a bit off, and jittery or shaky. ID at 8.

¶10 Applying the factors for making credibility determinations set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), the administrative judge found the officers' testimony more credible than the appellant's because each officer's individual testimony was corroborated by the other officers' testimony, and because three of the officers had submitted written statements shortly after the incident on September 13, 2013, in which they described their first-hand observations of the appellant's impaired state in a manner consistent with their testimony at the hearing. ID at 8-9. Further, the administrative judge found no reason to question the officers' credibility and

determined that their description of the appellant's behavior was not inherently improbable.  ID at 9.

¶11     On review, the appellant asserts that the testimony of the four officers was replete with erroneous statements, predetermination, conjecture, and innuendo and that they were prejudiced against her due to her history of alcoholism.  PFR File, Tab 1 at 4-5.  Further, the appellant asserts that the officers' testimony was the result of a "tainted prejudicial work environment" orchestrated by her supervisors and coworker.  *Id.*  Lastly, she argues that the officers' testimony regarding her impaired state should be discredited as unreasonable because they failed to contact a medical professional or the local police, which, according to the appellant, reasonable people would have done if they truly believed she were impaired.  *Id.*

¶12     The appellant, however, has not identified any specific testimony which she contends is false and has not explained how or why the CBP officers would have been prejudiced by her supervisors and coworker.  The appellant's arguments amount to her here disagreement with the administrative judge's credibility findings and do not provide a basis to disturb the initial decision.  Because the administrative judge's credibility conclusions were complete, based on proper considerations, and consistent with the record, we defer to them on review.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (the Board will give due deference to the credibility findings of the administrative judge where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).  Accordingly, we discern no basis for disturbing the administrative judge's finding that the agency proved that the appellant drove her GOV while impaired.

¶13     We disagree, however, with the administrative judge's finding that "[t]he appellant's explanation that her behavior was unintentional and that it was caused because she stopped taking Lexapro does not excuse her behavior."  ID at 9.  To the contrary, we find that the appellant's explanation is supported by medical

documentation in the record, including two letters from her physician, which indicate that discontinuing taking one of her medications may cause symptoms consistent with those she experienced on September 13, 2013. IAF, Tab 6 at 48-49. Further, the agency does not contend that the appellant knew or should have known of the possible side effects of discontinuing Lexapro and the deciding official specifically found that the appellant was "not capable of making a sound decision" concerning her fitness to drive. *Id*. at 32. As such, we find that the appellant's decision to report to duty and operate a GOV and government property while impaired does not support the charge of conduct unbecoming. Regardless, specification 1 concerning the appellant's failure to report her DUI arrest is sufficient to sustain the conduct unbecoming charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (where more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specification is sufficient to sustain the charge).

The administrative judge correctly found that the agency established nexus.

¶14 The nexus requirement, for purposes of whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his or her duties satisfactorily or some other legitimate government interest. *Merritt v. Department of Justice*, 6 M.S.P.R. 585, 596 (1981), *modified by Kruger v. Department of Justice*, 32 M.S.P.R. 71, 75 n.2 (1987). Here, there is a direct relationship between the appellant's conduct and her job duties, which require her to drive a GOV to various port facilities throughout South Florida. Further, the agency has a clear interest in requiring employees who drive a GOV to report any DUI arrest. Accordingly, we find a nexus between the appellant's conduct and the efficiency of the service.

## The administrative judge correctly found that the penalty of removal was reasonable.

¶15　　When the agency's only charge is sustained, but some of the underlying specifications of that charge are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996). In applying this standard, the Board must take into consideration the failure of the agency to sustain all of its supporting specifications. *Id.* at 651. That failure may require, or contribute to, a finding that the agency's penalty is not reasonable. *Laniewicz v. Department of Veterans Affairs*, 83 M.S.P.R. 477, ¶ 9 (1999). In such a case, the Board will look for evidence showing that the agency would have imposed the same penalty for the sustained specification. *Id.*

¶16　　Nevertheless, the Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose but to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *See Davis v. U.S. Postal* Service, 120 M.S.P.R. 457, ¶ 6 (2013). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id.* Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.* However, if the deciding official failed to appropriately consider the relevant factors, the Board need not defer to the agency's penalty determination. *Id.*

¶17    On review, the appellant argues that the penalty of removal is too severe because: the agency does not have a table of penalties,[4] the agency failed to properly consider that her impairment on September 13, 2013, was involuntary and the result of her discontinuing Lexapro, and she had 18 years of service without any prior disciplinary action. PFR File, Tab 1 at 5-6. Contrary to the appellant's contention, the deciding official considered the appropriate mitigating factors, including the appellant's 18 years of service and lack of prior discipline, but determined that they did not outweigh the seriousness of the appellant's behavior given that her position requires her to drive a GOV throughout South Florida in the normal course of her duties. IAF, Tab 6 at 35-37. In light of the appellant's job duties, we agree and find that removal based on the sustained specification concerning the appellant's failure to report her DUI arrest alone is within the tolerable limits of reasonableness in this case. Accordingly, we affirm the removal action.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

---

[4] To the extent the appellant alleges that removal is arbitrary because the agency does not have a table of penalties, she has not pointed to anything requiring the agency to have a table of penalties and we are unaware of such a requirement. Further, she has not offered any evidence demonstrating that removal is an excessive penalty or that a lesser penalty has been imposed upon other employees for similar offenses.

[5] The administrative judge failed to inform the appellant of her mixed-case right to appeal from the initial decision on her discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court. This was error, but it does not constitute reversible error, because we notify the appellant of her mixed-case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color,

religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.